S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**LEAH K. BOLSTAD, OSB #05203**
Assistant United States Attorney
Leah.Bolstad@usdoj.gov
1000 S.W. Third, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:14-CR-00093-MO |
| v. | |
| DAVID BRUCE CORBIT, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW OF DETENTION** |
| Defendant. | |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, through Leah K. Bolstad, Assistant United States Attorney (AUSA) for the District of Oregon, does not oppose defendant's motion for a review of detention (CR 27), and agrees with defense counsel that defendant should be ordered detained.

On February 28, 2014, defendant made his initial appearance on an indictment charging him with a conspiracy to distribute methamphetamine and a substantive count of distribution (CR 8). On the government's motion, and with U.S. Pretrial in agreement with a detention recommendation, Judge Papak detained defendant pending further proceedings.

On March 4, 2014, Judge Acosta held a detention hearing. The only material change in circumstances from the prior week was that a state grand jury indicted defendant for a host of violent felonies, including Ballot Measure 11 firearm-involved offenses. In Judge Acosta's

Court, the government requested detention based on the following: (1) the federal drug charges carried a presumption of detention under the Bail Reform Act, (2) defendant's poor history on supervision, (3) defendant's history of failing to appear, (4) concerns with defendant engaging in witness tampering activity, and (5) the fact that the Multnomah County District Attorney had a detainer in place for this defendant charged on March 3, 2014, with several violent felonies including Unlawful Use of a Weapon with a Firearm, Kidnap I with a Firearm, Attempted Assault II with a Firearm, two counts of Assault II, and Causing Another Person to Ingest a Controlled Substance.  These offenses stemmed from a violent episode at defendant's purported place of employment (an auto body shop on Southeast Powell) that also doubled as a key hangout or clubhouse for members of defendant's Krude Rude Brood (KRB) gang.  The United States Pretrial Services Office shared the concerns about defendant's potential dangerousness and flight and recommended detention as well.

Judge Acosta, apparently persuaded at least in part by defendant's employment status at an auto body shop (the same shop described above), granted defendant's motion for release and ordered him to "home detention" with active GPS monitoring.  (CR 11).  Judge Acosta checked the box that reads:  "The defendant is ORDERED released after processing."  (CR 11).  Based on this ruling, no federal hold was in place, and defendant has not been in federal custody since March 4, 2014.  He was released, as ordered, to his Multnomah County detainer.  Defense counsel acknowledged as much in her declaration in support of a trial continuance: "Mr. Corbit was released from the United States Marshals in this matter.  Mr. Corbit is currently in the custody of Multnomah County Sheriff's on a pending state criminal matter."  (CR 16).  Defendant is currently a primary state inmate and is in the sole custody of Multnomah County.

**Government's Response to Defendant's Motion for Review of Detention,**         **Page 2**
*Corbit* **3:14-CR-00093-MO**

Unfortunately for the defendant, the federal court gave him what he asked for in March – he was released, but only on his federal case. The time he has served since March has been served entirely in Multnomah County on state charges. Understandably, the defense would like defendant to receive federal credit for the time he has served the past seven plus months. He cannot and should not be able to have it both ways for the time he has served from the date of his federal release (March 4, 2014) to present. However, the government has no objection to this Court entering an order detaining this defendant as both a danger to the community and a risk of flight, and the government will not oppose defendant earning federal time starting on the date he is ordered held on his federal case.

Dated this 28th day of October 2014.

                                        Respectfully submitted,

                                        S. AMANDA MARSHALL
                                        United States Attorney

                                        *s/ Leah K. Bolstad*
                                        LEAH K. BOLSTAD, OSB #05203
                                        Assistant United States Attorney