

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*    *(503) 727-1000*
*Portland, OR 97204-2902*    *Fax (503) 727-1117*

December 9, 2014

Michele L. Kohler
Michele L. Kohler, PC
205 SE Spokane Street, Suite 300
Portland, OR 97202

      Re:    *United States v. Dave Corbit,* Case No. 3:14-CR-0093-MO
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein. The Multnomah County District Attorney's Office is not a party to this agreement, but it has a plea agreement with defendant for global resolution that is contingent upon defendant being sentenced in this federal case first to the joint recommendation of the parties.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 of the Superseding Indictment which alleges Conspiracy to Distribute Methamphetamine in an amount exceeding 50 grams, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). After pleading guilty in federal court, and while pending federal sentencing, defendant agrees to plead guilty in Multnomah County to the following:

      A.    Case #14-02-30772: Counts 1, 2, and 4.

      B.    Case # 14-CR-_____; Multnomah County DA Case #2298617 (to be charged by District Attorney Information).

3.    **Penalties**: As charged in the Superseding Indictment, Count 1 carries a mandatory minimum of ten (10) years imprisonment, a maximum sentence of life imprisonment, a fine of up to $10,000,000, at least a five-year term of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea, or explain to the court why it cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

Michele Kohler, *Corbit* Plea Letter
3:14-CR-0093-MO, Page 2

4.      **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.   The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.      **Relevant Conduct**:  The parties agree that defendant's relevant conduct for the Count 1 drug conspiracy, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a), is between 150 and 500 grams of actual (pure) methamphetamine, for a Base Offense Level of 32 prior to adjustments.

7.      **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case.   If defendant does so, the USAO will recommend **a three-level reduction** in defendant's offense level.   The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.      **No Enhancement:**  The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

9.      **"Safety Valve" Adjustment**:  The parties agree defendant does not meet the criteria of Title 18, U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief.

10.     **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.   Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

        A.     **Dangerous Weapon Enhancement (+2)**: the parties stipulate to the applicability of the two-level dangerous weapon enhancement under U.S.S.G. § 2D1.1(b)(1) because firearms were present and connected with defendant's methamphetamine distribution conspiracy.

        B.     **Drug Premises (+2)**: The government recommends, and the defendant agrees it is appropriate under U.S.S.G. § 2D1.1(b)(12), a two-level enhancement for maintaining a premises for purposes of manufacturing or distributing a controlled

**Revised 02/03/10**

Michele Kohler, *Corbit* Plea Letter
3:14-CR-0093-MO
Page 3

        substance.

    C.    **Leadership (+2)**: The parties agree defendant qualifies as a leader/organizer under U.S.S.G. § 3B1.1(c), justifying a 2-level enhancement to his offense level.

11.    **Joint Global Sentencing Recommendation**:    If defendant agrees to resolve his case prior to December 15, 2014, the USAO and defendant agree to recommend as a reasonable sentence on this federal case, taking into account all the factors listed in 18 U.S.C. § 3553(a), a sentence of **168 months' imprisonment**, followed by five years of supervised release and a $100 fee assessment.

    After he is sentenced in federal court, the defendant agrees he will be sentenced in state court as follows. All sentences imposed in Case Number 14-02-30772 and the case to be issued by Information (DA Case #2298617) will run *concurrent* to the anticipated federal sentence of 168 months. It is the intent of the parties that defendant serve his sentences in federal custody under the jurisdiction of the U.S. Bureau of Prisons. To effectuate this, the State agrees to drop its hold on defendant and allow him to be in the sole primary custody of the United States Marshals prior to his federal sentencing.

    *\*\* Defendant's state court plea agreement is contingent on defendant first being sentenced in federal court to 168 months (14 years).* If defendant is not sentenced to 14 years in this federal case, defendant agrees and acknowledges that his state court plea agreement is null and void.

12.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Revised 02/03/10

Michele Kohler, *Corbit* Plea Letter
3:14-CR-0093-MO
Page 4

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16. **Forfeiture/Abandonment of Property**: By signing this agreement, defendant knowingly and voluntarily forfeits and abandons all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including assets which constitute the proceeds of defendant's criminal activity, were used to facilitate defendant's criminal activity and were involved in defendant's criminal activity in violation of 21 U.S.C. § 841(a)(1) as set forth in Count One of the Superseding Indictment.

17. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea

18. **Deadline**: This plea offer expires if not accepted by **December 15, 2014,** at 5:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

*/s/ Leah K. Bolstad*
LEAH K. BOLSTAD
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12/9/14
Date

David Corbit, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12/9/14
Date

Michele Kohler, Attorney for Defendant

Revised 02/03/10